**BARSHAY SANDERS, PLLC**
Craig B. Sanders (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
File No.: 121894
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Damion Reid, <br><br> Plaintiff, <br><br> v. <br><br> Gabrielle Monique Union-Wade, <br><br> Defendant. | Case No: <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Damion Reid ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Gabrielle Monique Union-Wade ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's photographs and many others are the subject of pending copyright applications.

4. Defendant owns and operates multiple social media accounts on websites known as www.instagram.com, www.facebook.com, www.twitter.com (the "*Accounts*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Damion Reid is an individual who is a citizen of the State of New York and maintains a principal place of business Laurelton, New York.

7. On information and belief, Defendant Gabrielle Monique Union-Wade, is an individual who is a citizen of the State of California with a place of residence at 5546 Jed Smith Rd, Hidden Hills in Los Angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Gabrielle Monique Union-Wade because she maintains her residence in California.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Gabrielle Monique Union-Wade does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which it licenses to online and print publications.

12. Plaintiff has invested significant time and money in building

Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15. The accounts are part of a commercial enterprise which uses the Defendant's notoriety and celebrity to promote numerous companies that she owns and/or partners with in for profit ventures.

16. The accounts are monetized in that sells merchandise to the public and, on information and belief, Defendant profits from these activities.

17. On or about October 11, 2016, Plaintiff Damion Reid authored a photograph of Zazie Beetz (the "Photograph"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1.

18. Plaintiff applied to the USCO to register the Photograph on October 19, 2018 under Application No. 1-7057064397.

19. The Photograph was registered by USCO on October 19, 2018 under Registration No. VA 2-123-210.

20. On or about October 19, 2018, Plaintiff observed the Photograph on three different accounts in three different posts all dated May 23, 2018. A copy of screengrabs of the Accounts which include defendant's infringing use of the Photograph are attached hereto collectively as Exhibit 2.

21. The Photograph was displayed at URL: https://www.instagram.com/p/BjIbU5XAx20/?hl=en.

22. The Photograph was displayed at URL: https://www.facebook.com/gabrielleunionofficial/photos/a.470382839782321/1049704888516777/?type=1&theater.

23. The Photograph was displayed at URL: https://twitter.com/itsgabrielleu/status/999393873632751617.

24. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed the Photograph in its entirety herein, on the Website.

25. On information and belief, the Photograph was copied, stored and displayed without license or permission in the Accounts thereby infringing on Plaintiff's copyright (hereinafter each individual usage is referred to singularly the "*Infringement*" and collectively the "*Infringements*").

26. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

27. Each Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

28. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

29. On information and belief, the Photograph was willfully and volitionally posted to the Accounts by Defendant.

30. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

31. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

32. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

33. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Accounts.

34. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

35. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

36. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

37. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

38. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

39. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

40. Defendant's reproduction of the Photographs and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

41. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of

Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

42.   As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

43.   Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

  a.   finding that Defendants infringed Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

  b.   for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven;

  c.   for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

  d.   for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

  e.   for pre judgment interest as permitted by law; and

  f.   for any other relief the Court deems just and proper.

DATED: July 6, 2021

**BARSHAY SANDERS, PLLC**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 121894

PLAINTIFF'S COMPLAINT